IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
JUL - 2 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| William Michael York, )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>P. Jackson, et al., )<br>  Defendants. ) | 1:08cv547 (JCC/TRJ) |

MEMORANDUM OPINION

William Michael York, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, against P. Jackson and W. Smith, two correctional officers at Sussex II State Prison ("Sussex") in Waverly, Virginia, alleging that these officers violated plaintiff's constitutional rights when they "permitted [another inmate] to assault [his] person." Plaintiff also submitted an application to proceed in forma pauperis. After reviewing plaintiff's complaint, the claim against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>   (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

## I. Background

In February of 2008, plaintiff was incarcerated at Sussex in Waverly, Virginia. Liberally construed, plaintiff raises the following claims in his complaint: (1) failure to protect; (2) failure to provide medical care; and (3) denial of access to his institution's grievance process.

According to the complaint, on February 27, 2008, "inside the 3-B segregation unit at Sussex II State Prison, correctional officer Jackson and Correctional Officer Smith permitted inmate G. Walton to assault [plaintiff's] person." Summary 1. The alleged "assault" plaintiff complains of occurred when the two defendants were escorting inmate Walton back into the unit with "his hands cuffed behind his back" and plaintiff was inside a shower waiting to be escorted back to his cell. Id. Plaintiff claims that inmate Walton, while under the control of defendant Jackson, "was permitted to walk 25 to 30 feet across the floor in order to arrive at the shower area." Id. Upon arrival at the shower area, plaintiff claims that inmate Walton "spit on [plaintiff's] face, shoulder, and neck." Id. Plaintiff claims that both defendants Jackson and Smith could have prevented inmate Walton from approaching the shower area but failed to do so. Further, plaintiff states that "[b]y permitting this assault to occur, correctional officer Jackson and correctional officer Smith not only showed disreguard [sic] for DOC policy and procedure, they showed a total disreguard [sic] for [plaintiff's] safety and well being." Id. at 2.

Following the incident with inmate Walton, plaintiff claims that he informed defendant Jackson that he "wanted to be taken to the medical department for evaluation and possible treatment by receiving a tetanus shot. Also to have my right eye flushed out because of the saleva [sic] that went into the eye." Id. Plaintiff claims that defendant Jackson directed him to take another shower to wash the saliva off and informed plaintiff that he would contact the medical department. Plaintiff

was not taken to the medical department on that day and claims that "once again my physical well being was disreguarded [sic]." Id.

Finally, in the complaint and attachments, plaintiff outlines the various efforts he made to grieve various aspects of the incident with inmate Walton. Plaintiff filed two emergency grievances on February 27, 2008 asking to be taken to the medical department for evaluation and for a tetanus shot. Id. at 3. Plaintiff claims that he never received a response to these emergency grievances although he has receipts documenting that the grievances were filed. Plaintiff also filed a number of grievances to obtain the name of the inmate who allegedly "assaulted" him as well as the name of the two officers who were present for the incident. Id. at 4. After "rewrit[ing] several letters and complaints," plaintiff obtained the requested information. Also, plaintiff filed a number of informal complaints and grievances complaining about how defendants Jackson and Smith handled the incident as well as the failure of the institution to formally discipline inmate Walton for the alleged "assault." Plaintiff seeks $70,000.00 in money damages. Id. at 5.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). In considering a motion to dismiss, the court presumes that all factual allegations in the complaint are true and accords all reasonable inferences to the non-moving party. 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed. 1994); see Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). To survive a motion to dismiss, the factual allegations

3

in the complaint "must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face," rather than one that is merely "conceivable." Bell Atlantic Corp. v. Twombly, – US –, 127 S.Ct. 1955, 1965, 1974 (2007). Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III. Merits

A. Failure to Protect

It is well-settled that the Eighth Amendment obligates prison officials to take reasonable precautions to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotations and citations omitted). Exposing prisoners to harm from other prisoners is not just or legitimate punishment; rather, it is cruel and unusual punishment, for "gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency." Id. (internal quotation marks and citations omitted). In other words, a prisoner has a "constitutional right 'to be reasonably protected from the constant threat of violence and sexual assault from his fellow inmates . . . .'" Withers v. Levine, 615 F.2d 158, 161 (4th Cir. 1980) (quoting Woodhous v. Virginia, 487 F.2d 889 (4th Cir. 1973)). Thus, prison officials must "take reasonable measures to guarantee the safety of other inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see also Winfield v. Bass,

106 F.3d 525 (4th Cir. 1997). A prisoner alleging that prison officials have failed to protect the prisoner from another inmate must show (i) that the prisoner was incarcerated under conditions posing a substantial risk of serious harm and (ii) that the defendants were deliberately indifferent to those conditions. Farmer, 511 U.S. at 834.

Here, plaintiff is unable to meet either prong of the Farmer test. Plaintiff has not alleged facts sufficient to show that he is incarcerated under conditions posing a substantial risk of serious harm based on this one incident where one inmate spit on him. While in the segregation unit and waiting to be transported from the shower back to his cell, plaintiff acknowledges that he was "locked inside the # 3 shower." Additionally, plaintiff acknowledges that the inmate who spit on him "had his hands cuffed behind his back" and was being escorted back into the segregation unit by a corrections officer. Plaintiff's own recitation of events demonstrates that both he and the other inmate were secure throughout the entire incident and unable to have any physical contact with one another. Plaintiff has alleged only that another inmate spit on him, but being spat upon does not amount to cruel and unusual punishment. See DeMallory v. Cullin, 855 F.2d 442, 444 (7th Cir. 1988); Carson v. Birkett, No. 05cv72679, 2005 WL 1981294, at *1 (E.D. Mich. Aug. 16, 2005). Additionally, the instant facts alleged fail to suggest that this one spitting incident placed plaintiff at risk of serious harm. Moreover, plaintiff does not claim that the inmate remained a threat to him after the spitting incident, nor is there any suggestion that the inmate was a threat prior to its happening.

Under the second prong, plaintiff has not alleged facts sufficient to suggest that either defendant was deliberately indifferent. Plaintiff has not offered facts to suggest that either defendant knew that this particular inmate may lash out at plaintiff or knew that plaintiff had any history of troubled interactions with this inmate. Further, although plaintiff asserts that the defendants violated

prison policy by allowing the other inmate to walk past the showers, plaintiff fails to demonstrate how defendants' actions put him in harms way or how their actions showed indifference to plaintiff's health, safety, or well-being. Plaintiff notes that defendant Jackson had control of the other inmate and that defendant Smith "could have also made some type of effort to stop this inmate from approaching the shower area, but he did not." However, defendants' failure to prevent this incident, of which they had no prior warning or knowledge, does not constitute deliberate indifference. Moreover, mere negligence by prison officials does not amount to a violation of an inmate's Eighth Amendment right to be protected from the attacks of fellow inmates. Ruefly v. Landon, 825 F.2d 792 (4th Cir. 1987) ("Mere negligent conduct on the part of prison officials who fail to protect a prisoner from a risk of harm posed by fellow inmates does not constitute a violation of the [E]ighth [A]mendment's prohibition against cruel and unusual punishment."). Because plaintiff fails to allege facts sufficient to demonstrate that defendants failed to protect him from his fellow inmate, this claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

B. Failure to Provide Medical Care

Prisoners are entitled to reasonable medical care and can sue prison officials under the Eighth Amendment if such care is inadequate. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, to establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Under this standard, a prisoner must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated

bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need.

For this second prong, an assertion of mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). Further, "[a] complaint that a physician has been negligent in diagnosing . . . a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier, 896 F.2d at 851. However, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted).

Plaintiff fails to state an actionable Eighth Amendment claim for inadequate medical care in this case. A prisoner, such as plaintiff, meets his burden to allege a serious medical need by alleging facts sufficient to show that his need has been diagnosed by a physician as mandating treatment and is "so obvious" that even a lay person would easily recognize the need for a doctor's attention or is one where the denial or delay in treatment causes the inmate to suffer a "life-long handicap or loss." Coppage v. Mann, 906 F. Supp. 1025, 1037 (E.D.Va. 1995). Plaintiff claims that after the incident, he informed defendant Jackson that he "wanted to be taken to the medical

department for an evaluation and possible treatment by receiving a tetanus shot." Plaintiff, however, does not allege, nor do the facts in the complaint suggest, that plaintiff was suffering from a serious medical need as a result of the spitting incident. Plaintiff has not alleged that he was in pain or suffered any type of adverse reaction and nothing in the complaint suggests that plaintiff suffered any physical injury. Moreover, although he claims that he was not taken to the medical department on the date of the incident, there is no suggestion that any delay aggravated any injuries. As plaintiff has failed to present facts sufficient to demonstrate a serious medical need or that defendants were deliberately indifferent to such a need, this claim will also be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

### C. Denial of Access to the Institution's Grievance Process

Plaintiff's final complaint is that he filed a number of emergency grievances following this alleged incident to which prison officials failed to respond and that prison officials interfered with his ability to file informal complaints and grievances regarding this incident. However, the Constitution "creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Mitchell v. Murray, 856 F.Supp. 289, 294 (E.D.Va. 1994). Because a state's grievance procedure confers no substantive rights upon prison inmates, a prison official's failure to comply with the grievance procedures is not actionable under § 1983. See Adams, 40 F.3d at 75; Mitchell, 856 F.Supp. at 294. Therefore, even if prison officials failed to respond to plaintiff's emergency grievances or interfered with his ability to file grievances, such an allegation does not state a claim under § 1983. Accordingly, plaintiff has failed to state a § 1983 claim and this claim must also be dismissed. 28 U.S.C. § 1915A(b)(1).

8

An appropriate Order shall issue.

Entered this 2 day of July 2008.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia